1
2
3
4
5
6                   IN THE UNITED STATES DISTRICT COURT

7                     FOR THE DISTRICT OF ARIZONA

8
9
10   Robert Hemmerle,                    )
                                         )
11               Petitioner,             )          No. CV-04-0315-PHX-PGR
                                         )
12        vs.                            )
                                         )          ORDER and OPINION
13   Dora Schriro, et al.,               )
                                         )
14               Respondents.            )
     _____)
15

16        Having reviewed *de novo* the Report and Recommendation of Magistrate

17   Judge Sitver in light of Petitioner's Objections to Magistrate Judge's Report and

18   Recommendation (doc. #36), the Court finds that Magistrate Judge Sitver

19   correctly concluded that the petitioner's Petition for Writ of habeas Corpus, filed

20   on February 12, 2004 pursuant to 28 U.S.C. § 2254, should be denied as time-

21   barred.

22        The first issue before the Court is the determination of the date on which

23   the one-year limitations period of the Anti-Terrorism and Effective Death Penalty

24   Act (AEDPA) commenced running.  The AEDPA provides that a state prisoner

25   has one year from the date on which his judgment of conviction becomes "final by

26   the conclusion of direct review or the expiration of the time for seeking such

27   review" in which to commence federal habeas corpus proceedings.  28 U.S.C.

28   § 2244(d)(1)(A).  The Arizona Court of Appeals issued its decision affirming the

1    petitioner's murder conviction on October 29, 1998 and it issued its mandate on

2    December 4, 1998; the petitioner did not file a petition for review with the Arizona

3    Supreme Court.  The petitioner argues that the Magistrate Judge erred in

4    concluding that the petitioner's conviction became final, and the limitations period

5    commenced running, on November 30, 1998, *i.e.*, 30 days after the Arizona Court

6    of Appeals issued its decision.[1]  The petitioner, citing to portions of Ariz.R.Crim.P.

7    31 and state court decisions interpreting that rule for the proposition that a

8    criminal case is not final until a mandate issues, contends that the limitations

9    period's commencement date should be calculated based on the date the Arizona

10   Court of Appeals issued its mandate.

11         The Court concurs with Magistrate Judge Sitver that federal law, not state

12   law, governs the issue of the finality of convictions for purposes of the AEDPA's

13   limitations period, Wixom v. Washington, 264 F.3d 894, 898 n.4 (9th Cir. 2001),

14   *cert. denied*, 534 U.S. 1143 (2002), and that the direct review of the petitioner's

15   conviction for purposes of the AEDPA was terminated by the Arizona Court of

16   Appeals' decision and not by its mandate. *Id*. at 897 (Court rejected habeas

17   petitioner's argument that the issuance of the mandate by the Washington Court's

18   of Appeals signified the conclusion of direct review as opposed to the issuance of

19   that court's decision.); *accord*, White v. Klitzkie, 281 F.3d 920, 923-24 n. 4 (9th

20   Cir. 2002) ("White argues that the Supreme Court's of Guam's decision was not

21   final [for purposes of the AEDPA's limitations period] until the mandate was

22   entered[.] ... However, it is the decision of the state appellate court, rather than

23   the ministerial act of entry of the mandate, that signals the conclusion of review.

24   ... Our opinion in *Bunney v. Mitchell*, 262 F.3d 983 (9th Cir. 2001) is not to the

25

---

26         [1]  Pursuant to Ariz.R.Crim.P. 31.19(a), a defendant has 30 days after the Arizona Court
     of Appeals has filed its decision in which to file a petition seeking a review by the Arizona
27   Supreme Court.  Pursuant to Ariz.R.Crim.P. 31.23(a)(1), "[i]f there has been ... no petition for
     review filed, the clerk of the Court of Appeals shall issue the mandate at the expiration of the
28   time for filing of such ... petition."

1   contrary.")  Absent any tolling, the petitioner therefore had until November 30,

2   1999 in which to file his § 2254 petition.

3          The second issue before the Court is whether the 33 days between the

4   denial of the petitioner's first petition for post-conviction relief (PCR) and the filing

5   of his second PCR should be tolled pursuant to 28 U.S.C. § 2244(d)(2), which

6   provides that "[t]he time during which a properly filed application for State post-

7   conviction or other collateral review  ... is pending shall not be counted toward

8   any period of limitation" under the AEDPA.   A state prisoner's collateral review

9   petition is "pending" for tolling purposes for "all of the time during which a state

10  prisoner is attempting, through proper use of state court procedures, to exhaust

11  state court remedies with regard to a particular post-conviction application." Nino

12  v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied*, 529 U.S. 1104

13  (2000); *accord*, Carey v. Saffold, 536 U.S. 214, 217 and 219-20 (2002) (Supreme

14  Court held that the AEDPA limitations period is tolled not only between the actual

15  filing and decision on a habeas petition, but also during those periods between

16  filings as a petitioner works his way "up the ladder" through higher courts to

17  complete "one full round" of state court review of habeas claims.)

18         The petitioner filed his first notice of post-conviction relief pursuant to

19  Ariz.R.Crim.P. 32 on November 21, 1997, the day after he filed his notice of

20  appeal.  The state trial court summarily dismissed the petitioner's first PCR on

21  December 1, 1998 on the ground that the petitioner, despite having been given

22  an extension of time do so after becoming represented by counsel, had never

23  filed a PCR petition; the petitioner did not seek any appellate review of that

24  denial.  The petitioner filed his second PCR notice on January 4, 1999; the

25  second notice stated that the petitioner had already had a previous Rule 32

26  proceeding wherein he was represented by counsel.  The petitioner contends that

27  the proceedings related to his first and second PCRs constitute one "full round" of

28  collateral review, causing the entire time between the filing of the first PCR notice

1    and the final determination of his second PCR to be tolled.

2         The Ninth Circuit uses a two-part test to determine whether the time period

3    between the denial of a PCR petition and the commencement of the next PCR

4    petition should be tolled for purposes of the AEDPA's limitations period:

5         First, we ask whether the petitioner's subsequent petitions are limited
          to an elaboration of the facts relating to the claims in the first petition.
6         If not, these petitions constitute a "new round" and the gap between
          the rounds is not tolled.  But if the petitioner simply attempted to
7         correct the deficiencies, then the petitioner is still making proper use
          of state court procedures and his application is still "pending" for
8         tolling purposes.  We thus construe the new petitions as part of the
          first "full round" of collateral review.  [Second,] [w]e then ask whether
9         they were ultimately denied on the merits or deemed untimely.  In the
          former event, the time gap between the petitions is tolled; in the latter
10        event it is not.

11   King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003) (Internal citations and some

12   internal quotation marks omitted.)

13        The Court concurs with Magistrate Judge Sitver that the petitioner has not

14   met the first step of the King test because the petitioner's second PCR was not

15   limited to an elaboration of the facts relating to the first PCR, or an attempt to

16   correct the deficiencies in the first PCR, because the first PCR consisted merely

17   of a notice that contained no claims and no attempt was made to file the required

18   supporting petition.  The petitioner only presented his collateral claims for the first

19   time when he filed his actual petition supporting his second PCR.[2]  While the

20   Court agrees with the petitioner that statutory tolling of the AEDPA's limitations

21

22        [2]  The petitioner argues in effect that the second PCR was a continuation of the first
     notice because in the first notice the petitioner (notwithstanding that he was to respond to that
23   section of the form only if he had filed a previous Rule 32 petition), checked the "yes" boxes on
     the form for the questions "[i]s a claim of ineffective assistance of counsel raised in this
24   petition?" and "[i]s this the first claim of ineffective assistance of counsel raised?", and noted
     that the ineffective assistance of counsel pertained to trial counsel Joel Thompson, and in his
25   second PCR petition he alleged that Thompson was ineffective because Thompson improperly
     advised him to testify falsely at trial and failed to sufficiently investigate his bi-polar disorder to
26   negate the required *mens rea*.  The Court is unpersuaded by this argument because the
     petitioner simply ever presented any factually-supported claims in the first PCR related to
27   Thompson's representation of him due to his failure to file an actual petition supporting his first
     PCR notice.

28

1    period commences for a prisoner in Arizona when a notice of PCR is filed, <u>Isley v.</u>

2    <u>Arizona Dept. of Corrections</u>, 383 F.3d 1054, 1055 (9th Cir. 2004) (Court

3    concluded that AEDPA tolling begins when a notice of post-conviction relief is

4    filed pursuant to Ariz.R.Crim.P. 32.4(a) and not when the actual petition for post-

5    conviction relief is filed), the mere filing of the PCR notice does not mean that a

6    collateral relief request remains pending for tolling purposes after the request is

7    denied for failure to file the actual petition.[3]  The Court concludes that the 33-day

8    interval between December 1, 1998 and January 4, 1999 is not subject to

9    statutory tolling.

10        The third issue before the Court is the determination of the date on which

11   the resolution of the petitioner's second PCR became final for purposes of the

12   recommencement of the AEDPA's limitations period.  The Arizona Supreme

13   Court entered its order denying review of the dismissal of the second PCR on

14   February 20, 2003, and the clerk of the Arizona Court of Appeals mailed a

15   certified copy of the supreme court's order to the trial court and returned the trial

16   court's record on March 19, 2003.  The petitioner argues that the limitations

17   period did not commence running until the latter date because Arizona law

18   provides for finality only upon issuance of the mandate.

19        The Court concurs with Magistrate Judge Sitver that the pendency of the

20   second PCR only tolled the limitations period until February 20, 2003.  As the

21   petitioner concedes, this issue of the applicability of the mandate to the issue of

22   finality is controlled by the Court's resolution of the first issue.  The Court thus

23   _____

24        [3]  Under the Arizona PCR procedure, while the PCR notice commences post-conviction
     proceedings, *see* Ariz.R.Crim.P. 32.4(a) ("A proceeding is commenced by timely filing a notice
25   of post-conviction relief with the court in which the conviction occurred."),  the vehicle by which
     specific claims for relief are presented is the actual PCR petition.  *See* Ariz.R.Crim.P. 32.5
26   (Contents of PCR petition "shall include every ground known to [defendant] for vacating,
     reducing, correcting or otherwise changing all judgments or sentences[.] ... Affidavits, records,
27   or other evidence currently available to the defendant supporting the allegations of the petition
     shall be attached to it.  Legal and record citations and memoranda of points and authorities are
28   required.")

1  concludes that 356 days accumulated towards the one-year limitations period

2  between the resolution of the petitioner's second PCR and the filing of his § 2254

3  petition, and that adding that period to the 33 days that the limitations period ran

4  between the first and second PCRs, means that a total of 389 days accumulated

5  between the time the petitioner's judgment of conviction became final and the

6  filing of his § 2254 petition, with the result being that the petitioner's § 2254

7  petition must be dismissed because it was filed 24 days too late.

8      Therefore,

9      IT IS ORDERED that the Magistrate Judge's Report and Recommendation

10  (doc. #29) is accepted and adopted by the Court.

11      IT IS FURTHER ORDERED that the petitioner's Petition for Writ of Habeas

12  Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 (doc. #1) is

13  denied as time-barred and that this action is dismissed in its entirety.  The Clerk

14  of the Court shall enter judgment accordingly.

15      DATED this 11th day of May, 2006.

16

17

18

19      Paul G. Rosenblatt
        United States District Judge

20

21

22

23

24

25

26

27

28